JAMES E. BOYD, APPELLANT, V. THOMAS MULVIHILL ET AL., APPELLEES.

FILED JUNE 5, 1901. No. 9,446.

1. **Conflicting Evidence.** A finding of fact based upon sufficient competent evidence will be sustained on review, although the evidence is conflicting and would have upheld a contrary finding.

2. **Insanity of Obligor.** Insanity of the obligor at the time the contract was entered into is a good defense to an action thereon, although no advantage was taken of him by the obligee.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Parke Godwin,* for appellant.

*Frank H. Gaines* and *Duffie, Gaines, Kelby & Storey,*
*contra.*

NORVAL, C. J.

James E. Boyd commenced this suit to foreclose a real
estate mortgage executed by Thomas Mulvihill and Mary,
his wife, to plaintiff to secure a certain promissory note
given by said defendants to said Boyd. The defense was
that at the time of the execution and delivery of the note
and mortgage Thomas Mulvihill was insane, and incapa-
ble of understanding or entering into the same, and in-
capable of understanding or transacting the matters out
of which the mortgage and note arose, and that they are
for that reason null and void. On the trial the court
found the issues in favor of the defendants, and from a
decree in their favor plaintiff appeals.

Plaintiff relies wholly upon the weight of the evidence
to reverse the case. The rule of this court that a finding
of fact based upon conflicting evidence will not on review
be reversed, where there is any competent evidence to
sustain it, is too well established to make it necessary
to cite cases so holding. We have carefully examined the
record, and it is clear that there is therein sufficient evi-
dence to have upheld a finding of the trial court in favor
of either party. That being true, it is our duty to sustain
the decree as rendered.

We think it unnecessary to enter into a discussion of
the case at length. There being in the record sufficient
competent evidence to establish the insanity of Thomas
Mulvihill at the time the note and mortgage were exe-
cuted (and the contrary is not seriously contended), they
are void, although no advantage was taken of Mulvihill
by the plaintiff. *Wager v. Wagoner,* 53 Nebr., 511; *Curtis*
*v. Brownell,* 3 N. W. Rep. [Mich.], 936.

The only question involved here is, was there sufficient

evidence of the insanity of Thomas Mulvihill introduced to sustain the finding of the court that his condition at the time of the making of the contract was such that he was incapable of understanding or entering into it? That question must be answered in the affirmative, and being so determined, the decree is accordingly

AFFIRMED.